NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JACK ALLEN GAINES, *Appellant*.

No. 1 CA-CR 18-0172
FILED 4-18-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-119862-002
The Honorable James R. Rummage, Judge Pro Tem

**AFFIRMED**

COUNSEL

Office of the Attorney General, Phoenix
By Karen Moody
*Counsel for Appellee*

Office of the Legal Defender, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Peter B. Swann joined.

---

**T H O M P S O N**, Judge:

¶1        Jack Allen Gaines (defendant) appeals from his convictions and sentences following a jury trial. Defendant asserts that the trial court erroneously denied his request for a *Willits* jury instruction as to a piece of medical paperwork. *State v. Willits*, 96 Ariz. 184 (1964). Finding no error, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Police responded to a call that a man in a Green Bay Packers shirt was cutting telephone lines. Defendant, in a Green Bay Packers t-shirt, was spotted in the adjacent commercial building carrying a sledge hammer and a red suitcase. The building had copper wires and pipes stripped out and exposed, and scrap metal and other debris inside. When defendant saw police, he ran, abandoning the suitcase and sledge hammer. Inside the suitcase were metal pipes, wrenches, pliers, wire cutters, a screwdriver, copper wire, and hand saws. It also contained medical documentation with defendant's name from a Phoenix-area hospital. The medical papers were misplaced while the other items in the suitcase were impounded by the officers.

¶3        Defendant was apprehended nearby. He denied having been in the building, and claimed he had been at a nearby drug store instead. The state charged defendant with third-degree felony burglary and possession of burglary tools. At trial, defendant conceded to trespassing, but argued the state failed to prove burglary or possession of burglary tools. Defendant was convicted of third-degree burglary and sentenced to a mitigated term of six years in prison. He was likewise convicted of possession of burglary tools, a class 6 felony, and sentenced to 2.25 years, to be served concurrently to count 1. Defendant timely appealed.

### DISCUSSION

¶4        Defendant requested a *Willits* instruction based on the state's loss of the medical record in his name found inside the red suitcase. He was

unable to articulate in his argument to the trial court exactly what the evidence might have shown to buttress his case. He stated:

> What we don't know about this medical documentation, which was supposedly from [John C.] Lincoln Hospital, was, what if he actually did have a prescription that he was supposed to go fill from that documentation. That is potential evidence that we could use to show that he is not lying. But we are forced to guess as to its potential value in this case. So that's my argument as to what it could be. I've never seen it. None of us have, so I don't know. But I think it is potential evidence.

**¶5** The state called defendant's argument about the evidence "wildly speculative" and asserts that, rather than being exculpatory or having a tendency to exonerate him, the medical record was actually inculpatory. Specifically, the record ties him to the location and to the red suitcase. The trial court denied the request for a *Willits* instruction, but granted defendant's requests for both a mere presence instruction and a lesser-included instruction as to trespassing.

**¶6** "A *Willits* instruction is appropriate when the state destroys or loses evidence potentially helpful to the defendant." *State v. Lopez*, 163 Ariz. 108, 113 (1990). We will not reverse the trial court's decision to refuse jury instructions absent an abuse of discretion. *State v. Bolton*, 182 Ariz. 290, 309 (1995).

**¶7** The state's destruction of, or failure to retain, evidence does not automatically entitle a defendant to a *Willits* instruction. *State v. Murray*, 184 Ariz. 9, 33 (1995). Defendant must show that "(1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *State v. Glissendorf*, 235 Ariz. 147, 152, ¶ 18 (2014) (quotation omitted). We agree with the state that the lost evidence did not tend to exonerate defendant. The trial court is affirmed.

CONCLUSION

¶8　　　　Defendant's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA